UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARVIN WILLIAMS,<br><br>        Petitioner,<br><br>        v.<br><br>J. KATAVICH, Warden,<br><br>        Respondent. | No. CV 15-2600-GW (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

Marvin Williams ("petitioner") initiated this action on April 8, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his August 1, 1990,[1] conviction in the Los Angeles County Superior Court, case number A760191, for murder (Cal. Penal Code § 187), and robbery (Cal. Penal Code § 211). (Pet. at 2).

The Court observes that on June 21, 1999, petitioner filed an earlier habeas petition in this Court, in case number CV 99-6273-WDK (SH) ("CV 99-6273"), also challenging his 1990

---

[1] The Petition indicates that petitioner was convicted on August 1, 1991. (Pet. at 2). In the two prior habeas actions brought in this Court, the conviction date has been noted as August 1, 1990. As the Petition appears to be successive and/or time barred under either of these conviction dates, the Court uses August 1, 1990, as the date of conviction.

conviction ("1999 Petition"). The 1999 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on October 1, 1999. (Case No. CV 99-6273, Dkt. No. 15). Petitioner's request for a certificate of appealability was denied by the District Judge. (Case No. CV 99-6273, Dkt. No. 18). His request for a certificate of appealability was denied by the Ninth Circuit on August 25, 2000. (Case No. CV 99-6273, Dkt. No. 22).

On March 10, 2007, petitioner filed another habeas petition in this Court, in case number CV 07-1582-AHM (PLA) ("CV 07-1582"), also challenging his August 1, 1990, conviction ("2007 Petition"). The 2007 Petition was also dismissed with prejudice as time barred, pursuant to the Judgment entered on February 15, 2008. (Case No. CV 07-1582, Dkt. No. 22). Petitioner did not appeal from that Judgment.

## A.  SECOND OR SUCCESSIVE PETITIONS

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner alleges that his 1999 Petition raised the following grounds for relief: (1) to be allowed to exhaust all state remedies; (2) request for mandamus relief; (3) correct a clerical mistake; and (4) newly discovered evidence.[2] (Pet. at 7). In his 2007 petition, petitioner raised the following grounds for relief: (1) appellate counsel was ineffective for failing to research the applicable law, failing to present evidence, and failing to disclose conflicts of interest; and (2) trial counsel was ineffective for failing to keep confidences and to disclose conflicts of interest. (See Case No. CV 07-1582, Dkt. No 20 at 3). As mentioned above, both of these previous actions were dismissed with prejudice as time barred. In the instant Petition, petitioner appears to raise the same four claims as described above in the 1999 Petition, as well as the following additional claims: (1) trial counsel rendered ineffective assistance by failing to object to witness testimony or move to suppress certain testimony; (2) trial counsel rendered ineffective assistance by failing to make a motion to sever petitioner's case from his co-defendant's case; (3) the jury instructions lowered the burden of proof; and (4) the trial court "mis-sentence[d] petitioner to life without the possibility of parole." (Pet. Attach. titled ""Mandamus Relief").

A habeas petition that has been dismissed for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

---

[2] Because the Petition indicates that the filing date for these claims was October 6, 2014, and the date of decision was February 2, 2015, petitioner appears to be referring to recent documents he filed in case number CV 99-6273, which were rejected by the Court because (1) they appeared to be documents -- including some of those filed with the instant Petition -- that petitioner intended to file in the California Court of Appeal, and (2) the filing failed to comply with the Court's June 22, 1999, Order Requiring Answer to Petition, and contained unintelligible allegations. (Case No. CV 99-6273, Dkt. Nos. 28, 29). Accordingly, the Court is unable to discern from its docket the grounds for relief alleged in the 1999 Petition itself.

Accordingly, because the 1999 and 2007 Petitions were dismissed with prejudice as time barred, and the instant Petition raises claims that could have been adjudicated on the merits in a previous petition, the instant Petition is considered to be a successive application. Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition, **he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

**B.   STATUTE OF LIMITATIONS**

The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted on August 1, 1990. (Pet. at 2). His conviction became final on August 17, 1994, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. (See Case No. CV 07-1582, Dkt. No. 20 at 5). For state prisoners, like petitioner, whose convictions became final prior to the AEDPA's enactment in 1996, the statute of limitations began to run on April 25, 1996, the day after the AEDPA was enacted, and

---

[3]   Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1  expired on April 24, 1997.  Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002); see also
2  Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (petitioners, whose state convictions
3  became final prior to AEDPA's enactment, have a "grace period" from April 25, 1996, to April 24,
4  1997).  Petitioner constructively filed the instant Petition on March 27, 2015.  (Dkt. No. 1).  On its
5  face, therefore, it appears that the instant Petition, as was true of the 1999 and 2007 Petitions, is
6  barred by the statute of limitations.

**C. CONCLUSION**

Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant Petition should not be dismissed as successive; and (2) why the instant Petition should not be dismissed as time barred.

Specifically, **no later than May 1, 2015,** petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the Petition should not be dismissed as time barred.  All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

/
/
/
/
/
/
/
/

**Failure to respond by May 1, 2015, will result in the instant Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations.**[4]

DATED: April 10, 2015

                                            PAUL L. ABRAMS
                            UNITED STATES MAGISTRATE JUDGE

---

[4] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.