UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARVIN WILLIAMS, | ) | No. CV 15-2600-GW (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE** |
| J. KATAVICH, Warden, | ) | |
| Respondent. | ) | |

I.

**BACKGROUND**

Marvin Williams ("petitioner") initiated this action on April 8, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his August 1, 1990,[1] conviction in the Los Angeles County Superior Court, case number A760191, for murder (Cal. Penal Code § 187), and robbery (Cal. Penal Code § 211). (Pet. at 2).

---

[1] The Petition indicates that petitioner was convicted on August 1, 1991. (Pet. at 2). In the two prior habeas actions brought in this Court, the conviction date has been noted as August 1, 1990. As the Petition is successive under either of these conviction dates, the Court uses August 1, 1990, as the date of conviction.

On June 21, 1999, petitioner filed an earlier habeas petition in this Court, in case number CV 99-6273-WDK (SH) ("CV 99-6273"), also challenging his 1990 conviction ("1999 Petition"). The 1999 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on October 1, 1999. (Case No. CV 99-6273, Dkt. No. 15). Petitioner's request for a certificate of appealability was denied by a previous District Judge. (Case No. CV 99-6273, Dkt. No. 18). His request for a certificate of appealability was denied by the Ninth Circuit on August 25, 2000. (Case No. CV 99-6273, Dkt. No. 22).

On March 10, 2007, petitioner filed a second habeas petition in this Court, in case number CV 07-1582-AHM (PLA) ("CV 07-1582"), also challenging his August 1, 1990, conviction ("2007 Petition"). The 2007 Petition was also dismissed with prejudice as time barred, pursuant to the Judgment entered on February 15, 2008. (Case No. CV 07-1582, Dkt. No. 22). Petitioner did not appeal from that Judgment.

On April 10, 2015, the Magistrate Judge issued an order requiring petitioner to show cause, no later than May 1, 2015, why the instant Petition should not be dismissed as successive, or as barred by the statute of limitations. (Dkt. No. 4). Petitioner was advised that he "must submit" the following: "(1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the Petition should not be dismissed as time barred." (Dkt. No. 4 at 5). On April 27, 2015, petitioner filed a response to the order to show cause ("Response"). (Dkt. No. 5).

## II.
## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In the instant Petition, petitioner alleges that his 1999 Petition raised the following grounds for relief: (1) to be allowed to exhaust all state remedies; (2) request for mandamus relief; (3) correct a clerical mistake; and (4) newly discovered evidence.[2] (Pet. at 7). In his 2007 Petition, petitioner raised the following grounds for relief: (1) appellate counsel was ineffective for failing to research the applicable law, failing to present evidence, and failing to disclose conflicts of interest; and (2) trial counsel was ineffective for failing to keep confidences and to disclose conflicts of interest. (See Case No. CV 07-1582, Dkt. No 20 at 3). As mentioned above, both of these previous actions were dismissed with prejudice as time barred. In the instant Petition, petitioner appears to raise the same four claims as described above in the 1999 Petition, as well as the following additional claims: (1) trial counsel rendered ineffective assistance by failing to object to witness testimony or move to suppress certain testimony; (2) trial counsel rendered ineffective assistance by failing to make a motion to sever petitioner's case from his co-defendant's case; (3) the jury instructions lowered the burden of proof; and (4) the trial court "mis-

---

[2] The Court is unable to discern from the docket in Case No. CV 99-6273 whether these actually were the grounds for relief raised in the 1999 Petition. Regardless, the claims raised in the 1999 Petition have no impact on the decision herein.

sentence[d] petitioner to life without the possibility of parole." (Pet. Attach. titled "Mandamus Relief").

A habeas petition that has been dismissed for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

Accordingly, because the 1999 and 2007 Petitions were dismissed with prejudice as time barred, and the instant Petition raises claims that could have been adjudicated on the merits in a previous petition, the instant Petition is considered to be a successive application. Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition, **he nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A).

Petitioner's Response gives no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Instead, petitioner contends that he tried to get authorization "from the district courts" to consider his successive petition by "submitting . . . his last writ" and giving consent to proceed before the Magistrate Judge "so that he would receive his or her Report [and] Recommendation for a[n] evidentiary hearing." (Response at 2). He also requests appointment of counsel. (Response at 1-2). As the Magistrate Judge thoroughly informed petitioner in the April 10, 2015, order to show cause, if petitioner wishes to make a successive habeas application, "he must file a 'Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)' directly with the Ninth Circuit Court of Appeals.

4

Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition." (Dkt. No. 4 at 6 n.4).

Based on the foregoing, the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Thus, the Court finds that it is appropriate to **dismiss the Petition without prejudice** as successive.[3]

/
/
/
/
/

---

[3] The Court notes that petitioner's two prior habeas petitions in this Court were **dismissed with prejudice** as time barred. Petitioner concedes that this action also is untimely but asserts that equitable tolling is available because he attempted to obtain documents and transcripts from trial and appellate counsel, but never received them. (Response at 3). This argument does not come close to demonstrating that petitioner acted with reasonable diligence during the twenty-year time frame for which he would require equitable tolling for the instant Petition to be timely. Indeed, the previous District Judge rejected this same argument in dismissing the 1999 Petition, noting that petitioner waited nearly two years from the day the California Supreme Court denied his petition for review to inquire about the status of his transcripts, and failed to demonstrate that the transcripts were necessary for the preparation of the 1999 Petition. (Case No. CV 99-6273, Dkt. No. 13 at 4-5 (citation omitted)). Petitioner's similar arguments now are even less persuasive in light of the fact that another fifteen years have passed. To the extent petitioner may be contending herein that his ignorance of the law justifies his late filing (see Response at 2 (citing conflicts between the state habeas rules and the federal statute of limitations), this argument also has been previously raised and rejected. (Case No. CV 07-1582, Dkt. No. 20 at 7-12 (rejecting petitioner's arguments that equitable tolling should apply because of his ignorance of the law and lack of legal skills, because counsel failed to provide him his files and records, because trial and appellate counsel were ineffective, and because he was actually innocent)). Accordingly, even if petitioner were to receive authorization from the Ninth Circuit to file a successive petition, it too would likely be untimely.

## III.

## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive. In light of this dismissal, petitioner's request for appointment of counsel is **denied**.

DATED: May 6, 2015

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE